## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA SUAREZ<br>3114 Derry Rd.<br>Philadelphia, PA 19154 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | DOCKET NO.: |
| v. | : <br> : | |
| THE PENNSYLVANIA HOSPITAL<br>OF THE UNIVERSITY OF<br>PENNSYLVANIA HEALTH SYSTEM<br>d/b/a PENNSYLVANIA HOSPITAL<br>800 Spruce St.<br>Philadelphia, PA 19107 | : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : | |

## CIVIL ACTION COMPLAINT

Melissa Suarez (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.     This action has been initiated by Plaintiff against The Pennsylvania Hospital of the University of Pennsylvania (*hereinafter* referred to as "Defendant" unless indicated otherwise) for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that she was unlawfully terminated from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the FMLA and the ADA.

3.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.     Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.     Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.     Plaintiff is an adult individual, with an address as set forth in the caption.

2

8.      Defendant owns and operates the hospital at which Plaintiff worked ("Pennsylvania Hospital").

9.      At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was employed with Defendant for approximately four (4) years as a Registered Nurse in Defendant's Emergency Department.

12.     During her employment with Defendant, Plaintiff was a dedicated and hard-working employee who performed her job well.

13.     Plaintiff suffers from mental health conditions, including but not limited to depression and also has a history of dependency-related health issues.

14.     Plaintiff's aforesaid health conditions and history of treatment for dependency-related health issues was known to Defendant's management and Human Resources ("HR") Department, including but not limited Lisa Verseput (Department Nurse Manager) and Leonard Umile (HR Manager).

15.     As a result of Plaintiff's aforesaid mental health condition, she was (at times) limited in her ability to perform some daily life activities, including but not limited to engaging in social interaction, sleeping, focusing, and working.

16.     From in or about July of 2016 through in or about September of 2016, Plaintiff took medical leave under the FMLA for the birth of her child.

17.     After the birth of her child, Plaintiff became severely depressed, which was only amplified when she returned to work following her aforesaid FMLA leave.

18.     During this relevant time period, Plaintiff was also taking pain medication for migraines and was seeing a pain management specialist.

19.     In or about October of 2016, following her return from FMLA leave (discussed *supra*), Plaintiff was approached by her manager, Verseput and informed that a co-worker had reported that she believed Plaintiff was suffering from post-partum depression.

20.     During her conversation with Verseput, wherein Plaintiff was informed that a co-worker reported her belief that Plaintiff had post-partum depression, Verseput told Plaintiff that Defendant was requiring her to undergo a drug test. When Plaintiff asked why she was being required to undergo a drug test, Verseput simply responded by telling Plaintiff that they are allowed to have her submit to a drug test without providing any further explanation.

21.     As requested, Plaintiff underwent a drug test and was permitted to return to work after the results of said drug test came back negative.

22.     When Plaintiff returned to work following her aforesaid drug test, she had a meeting with Verseput and Umile who asked what they could do for Plaintiff in order to help her (with her mental health conditions). Plaintiff responded that she would like to take some additional time off from work.

23.     In response to Plaintiff's aforesaid request for additional time off from work to treat for and care for her mental health conditions, Verseput and Umile became very frustrated and irritated with Plaintiff and stated that she was not allowed to take any more time off from work – as she had recently taken time off for the birth of her child.

4

24.     Plaintiff was further informed that her FMLA had expired and therefore, taking any additional time off from work would not be an option. The only options that Defendant presented Plaintiff with were to go part time and take a pay cut or to go per diem and take a pay cut (Plaintiff could not afford to do either).

25.     As Plaintiff's depression continued to worsen, she began to believe that she was possibly becoming dependent on her pain medication and therefore, on or about February 12, 2017, chose to admit herself into a mental health and drug/alcohol facility.

26.     Following her choice to enter into a mental health and drug/alcohol facility, Plaintiff informed Defendant's HR Department (specifically Umile) that she had admitted herself into a mental health and drug/alcohol facility and therefore would need approximately four (4) weeks off from work. Plaintiff also provided medical documentation to support her need for time off from work.

27.     Plaintiff stayed in contact with Defendant throughout her treatment (discussed *supra*) and discussed with Defendant her return to work date. As a result of said conversations, Defendant scheduled Plaintiff to return to work on or about March 13, 2017; however, before Plaintiff was able to return to work, she was informed by her doctor that it was recommended she take an additional two weeks off from work in order to schedule and undergo out-patient treatment.

28.     Plaintiff informed Umile of her aforesaid need for an additional two weeks off from work to schedule and undergo outpatient treatment, which was also supported by medical documentation submitted to Defendant by Plaintiff's physicians.

29.     Plaintiff took an additional two weeks off from work and was scheduled to return to work on or about March 27, 2017.

30.     The day before Plaintiff was scheduled to return back to work, Umile informed Plaintiff that Defendant was not going to allow Plaintiff to return back to work and that if she wanted to remain employed with Defendant, she would have to self-report to the Pennsylvania State Board of Nursing (*hereinafter* the "Board") and agree to be monitored by the Board through a program called the Pennsylvania Peer Assistance Program (*hereinafter* "PNAP").

31.     When Plaintiff asked why she was being required to self-report to the Board and agree to be monitored by PNAP, Umlie informed Plaintiff that it was because of her prior history (of dependency issues) and the fact that she took medical leave.

32.     Plaintiff informed Umile that she did not think self-reporting to the Board was necessary and asked Umile what would happen if she did not self-report to the Board or agree to be monitored by PNA., Umile responded telling Plaintiff that she would be terminated and that self-reporting and agreeing to be monitored was a condition of continued employment with Defendant.

33.     During the relevant time frame discussed in Paragraphs 30-32 of this Civil Action Complaint, Umile also made disparaging remarks regarding Plaintiff's health and perceived her as being unable to perform her job.

34.     For example, while out on medical leave, Plaintiff renewed her nursing license. One of the questions contained on the application for the renewal of her nursing license asked something to the effect of whether Plaintiff had been "chronically inebriated" during a certain time period, to which she truthfully answered "No." During a discussion with Umile, Umile asked Plaintiff how she responded to said question and referred to her a as "Drug Addict." Plaintiff informed Umile that she responded truthfully and wrote "No." Umile responded to Plaintiff making the following statements:  "I can't believe you believe that," "I can't believe

you answered it that way," and "Whatever, you will have to deal with the consequences of your answer."

35.    As Plaintiff was presented with no other option, she self-reported to the Board and agreed to be monitored by PNAP solely based on the assurance that she could continue to be employed with Defendant upon doing so.

36.    Despite self-reporting to the Board and agreeing to be monitored by PNAP, Defendant refused to reinstate Plaintiff to her prior job and informed that she could apply for other job opportunities within Defendant (one that did not require distribution of narcotics).

37.    Over the course of the next several months, Plaintiff applied for multiple positions within Defendant; however, Plaintiff was not hired and/or considered for any of the positions she applied to and Defendant's HR Department did nothing to assist her with finding and/or placing her into an alternative position.

38.    The various positions that Plaintiff applied for over the course of several months (none of which she was considered and/or hired for) were positions that Plaintiff was qualified to perform and very well could have performed had she not been denied said opportunities for discriminatory/retaliatory reasons.

39.    Plaintiff was (1) never permitted to return to her nursing position within the Emergency Department at Defendant; (2)  never hired for another position within Defendant – despite applying for multiple positions that she was qualified to perform; and (3) was effectively terminated from her employment with Defendant.

40.    Defendant therefore refused to permit Plaintiff to return to work following a six-week medical leave, required her to self-report to the Board and agree to be monitored by PNAP under the false assurance that she would remain employed with Defendant (a coerced action

which caused her to lose her initial RN position in the Emergency Department and suffer other substantial damages), rejected her for multiples positions that she had applied for and was qualified to perform, and effectively discharged her employment.

**First Cause of Action**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**
**(Actual/Perceived/Record of Disability Discrimination & Retaliation)**

41.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42.     Plaintiff suffered from qualifying health conditions under the ADA (as amended) which affected her ability (at times) to perform some daily life activities, as described *supra.*

43.     Plaintiff requested reasonable accommodations from Defendant, including but not limited to medical leave.

44.     The day before her scheduled return date following a six-week medical leave, Defendant refused to permit Plaintiff to return to work, required her to self-report to the Board and agree to be monitored by PNAP under the false assurance that she would remain employed with Defendant (a coerced action which caused her to lose her initial RN position in the Emergency Department and suffer other substantial damages), rejected (or did not even consider) her for multiples positions that she had applied for and was qualified to perform, and effectively discharged her employment

45.     Plaintiff believes and therefore avers that the adverse actions, as described in Paragraph 44 of this complaint were taken by Defendant because of Plaintiff's: (1) known and/or perceived health problems; (2) record of impairment; and/or (3) requests for reasonable accommodations.

46.     These actions as aforesaid constitute violations of the ADAAA.

## Second Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
### (Interference and Retaliation)

47.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

49.     Plaintiff requested leave from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

50.     Plaintiff had at least 1,250 hours of service with the Defendant during her last full year of employment.

51.     Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

52.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

53.     Plaintiff took approximate 12 week off from work between July of 2016 and September of 2016 for the birth of her child.

54.     Following Plaintiff's return to work from her aforesaid FMLA leave, Defendant's management and HR Department treated Plaintiff with hostility and animosity and subjected her to retaliation by treating her in a rude and condescending manner, subjecting her to an unwarranted drug test, refusing to provide her with additional time off under the ADA, refusing to permit her to return to work following a six week non-FMLA-qualifying leave, requiring her to self-report to the Board and agree to be monitored by PNAP under the false assurance that she

9

would remain employed with Defendant (a coerced action which caused her to lose her initial RN position in the Emergency Department and suffer other substantial damages), rejecting (or not even considering) her for multiples positions that she had applied for and was qualified to perform within Defendant, and effectively discharging her employment.[2]

55.     These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C.     Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

---

[2] This is not an exhaustive list of the way Plaintiff was retaliated against following her return from FMLA in September of 2016.

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).


                                        Respectfully submitted,

                                        **KARPF, KARPF & CERUTTI, P.C.**

                        By:     _____
                                        Ari R. Karpf, Esq.
                                        3331 Street Road
                                        Two Greenwood Square
                                        Building 2, Ste. 128
                                        Bensalem, PA 19020
                                        (215) 639-0801

Dated: April 17, 2018

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

MELISSA SUAREZ                                          CIVIL ACTION

v.

THE PENNSYLVANIA HOSPITAL OF THE UNIVERSITY OF
PENNSYLVANIA HEALTH SYSTEM d/b/a PENNSYLVANIA HOSPITAL          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X )

| 4/17/2018 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3114 Derry Road, Philadelphia, PA 19154

Address of Defendant: 800 Spruce Street, Philadelphia, PA 19107

Place of Accident, Incident or Transaction: Defendant's place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐ No☒

Does this case involve multidistrict litigation possibilities?     Yes☐ No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 4/17/2018 _____     ARK2484
                Attorney-at-Law         Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/17/2018 _____     ARK2484
                Attorney-at-Law         Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SUAREZ, MELISSA

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

THE PENNSYLVANIA HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM d/b/a PENNSYLVANIA HOSPITAL

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the Pennsylvania Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*

JUDGE _____   DOCKET NUMBER _____

DATE   4/17/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

[Print]   [Save As...]   [Reset]